UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

CHERYL WALLACE,

                                              Plaintiff,                          Civil Action No.:

               -against-                                                    1:20-cv-05429 (WFK/MMH)

THE STATE OF NEW YORK; NEW YORK
STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION; KELLY
AHEARN as Director of Personnel; MURIEL
HARVEY as Regional Director; LEWIS
SQUILLACIOTI as Assistant Regional Director;
KEVIN UZZELL as Bureau Chief; each being sued
individually and in their official capacity as employees
of the New York State Department of Corrections and
Community Supervision,
                                              Defendants.

_____

## MEMORANDUM OF LAW IN SUPPORT OF

**DEFENDANTS THE STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION; KELLY AHEARN as Director of Personnel; MURIEL HARVEY as Regional Director; LEWIS SQUILLACIOTI as Assistant Regional Director's MOTION TO DISMISS AMENDED COMPLAINT**

WILSON ELSER MOSKOWITZ EDELMAN &
DICKER LLP
*Attorneys for Moving Defendants*
200 Great Oaks Boulevard, Suite 228
Albany, New York 12203
(518) 449-8893

**OF COUNSEL:** Christopher Priore, Esq.
                         Olivia Orlando, Esq.

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................................1

RELEVANT FACTUAL BACKGROUND...............................................................1

THE AMENDED COMPLAINT ..............................................................................2

    Parties Named ................................................................................................2

    Plaintiff's Allegations ...................................................................................2

    Plaintiff's Causes of Action .......................................................................... 5

LEGAL STANDARD.................................................................................................5

    (i)    Federal Rule of Civil Procedure 12(b)(1) ...................................... 5

    (ii)    Federal Rule of Civil Procedure 12(b)(6) ..................................... 6

ARGUMENT .............................................................................................................7

THE COURT SHOULD DISMISS PLAINTIFF'S AMENDED COMPLAINT IN ITS
ENTIRETY AS TO MOVING DEFENDANTS .......................................................7

    POINT I    THE COURT MUST DISMISS PLAINTIFF'S CLAIMS
    AGAINST THE MOVING DEFENDANTS WHICH ARE
    PREMISED UPON NEW YORK EXECUTIVE LAW § 296 ...................7

        A.    The Eleventh Amendment's Sovereign Immunity Protection
        Prohibits Claims Against the Moving Defendants in Federal
        Court ......................................................................................7

            (i)    Sovereign Immunity Bars Plaintiff's Counts "XI",
            "XII", and "XIII" Against the State of New York and
            the New York State Department of Corrections and
            Community Supervision ......................................8

            (ii)    Sovereign Immunity Bars Plaintiff's Counts "XI",
            "XII", and "XIII" Against the Individual Moving
            Defendants in Both Their Official Capacities....................9

        B.    The Individual Defendants are Not Subject to Liability
        Under § 296 in Their Individual Capacity Under New York
        State Law ...............................................................................10

POINT II       THE COURT MUST DISMISS PLAINTIFF'S 42 U.S.C 2000e-2 (TITLE VII) CLAIMS IN THEIR ENTIRETY.........................................11

      A.     Plaintiff Has Not Obtained a Right-to-Sue Letter and Therefore Has Failed to Exhaust Her Administrative Remedies....................................................................................11

      B.     Plaintiff's Claims are Also Insufficient to Demonstrate the Required Causal Link Between the Alleged Conduct and the Discriminatory Action ..............................................................12

      C.     The Individual Defendants Cannot be Held Liable for Title VII Claims Brought Against Them in Their Individual or Official Capacities ........................................................14

      D.     The Plaintiff Fails to State a Claim Under Title VII Against All Moving Defendants...................................................15

           (i)     Count I - Race, Color and Sexual Discrimination ............16

           (ii)    Count II – Retaliation.........................................16

           (iii)   Count III - Hostile Work Environment..............................18

      E.     The Plaintiff Fails to Overcome the "McDonnell Douglas" Burden Shifting Test ............................................................19

POINT III    THE COURT MUST DISMISS PLAINTIFF'S 42 U.S.C. § 1981 CLAIMS (COUNTS .......................................................21

      A.     Plaintiff's § 1981 Claims Fail as a Matter of Law.........................21

           (i)     Plaintiff's Amended Complaint Fails to Allege Facts Sufficient to Establish a Claim for Either Race, Color and Gender Discrimination, Retaliation, or Hostile Work Environment................................................21

           (ii)    The Individual Defendants Enjoy Sovereign Immunity Against Section 1981 Claims Brought Against Them in Their Official Capacities.......................23

      B.     To the extent a Discrimination Claim Can be Asserted Against "State Actors", § 1983 is Plaintiff's Sole Remedy...........24

POINT IV    THE PLAINTIFF'S CLAIMS PURSUANT TO 42 U.S.C. § 1983 MUST BE DISMISSED ............................................................24

      A.     Legal Standard ..............................................................24

    (i)  First Amendment .................................................................25

    (ii)  Fourth Amendment ............................................................25

    (iii)  Fourteenth Amendment ...................................................26

       (a)  Equal Protection Clause........................................26

       (b)  Due Process...........................................................27

   B.  Plaintiff's Claims Premised Upon Supervisory Authority are Insufficient to Demonstrate § 1983 Liability as a Matter of Law .................................................................................................29

POINT V  THE COURT MUST DISMISS PLAINTIFF'S CLAIMS PURSUANT TO 42 U.S.C. § 1985(3) [CONSPIRACY](1871)..............30

   A.  The Plaintiff's Amended Complaint, Count "X", Fails to Allege a "Conspiracy" Under § 1985(3).......................................31

   B.  The "intracorporate-conspiracy-doctrine" Bars Plaintiff's Conspiracy Claim Against the Individual Defendants..................33

CONCLUSION....................................................................................................35

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.,
   988 F.2d 1157 (Fed. Cir. 1993) ................................................................. 7

Ahmad v. White Plains City Sch. Dist.,
   2020 U.S. Dist. LEXIS 176318 (S.D.N.Y. Sept. 24, 2020) ..................................... 15

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) ........................................................................ 6, 7, 30

ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,
   493 F.3d 87 (2nd Cir. 2007) ................................................................. 6

Avent v. James,
   19-cv-10923, 2020 U.S. Dist. LEXIS 10027 (S.D.N.Y. Jan. 17, 2020) ................... 22

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007) ........................................................................... 6, 7

Benjamin v. Consol. Edison Co. of NY,
   14-cv-9230, 2015 U.S. Dist. LEXIS 129639 (S.D.N.Y. Sept 22, 2015)...................... 7

Bermudez v. City of New York,
   783 F. Supp. 2d 560 (S.D.N.Y. 2011) ....................................................... 22

Bernheim v. Litt,
   79 F.3d 318 (2nd Cir. 1996) ................................................................ 28

Bray v. Alexandria Women's Health Clinic,
   506 U.S. 263, 113 S. Ct. 753, 122 L. Ed. 2d 34 (1993) ............................... 32

Broich v. Inc. Vill. of Southampton,
   650 F. Supp. 2d 234 (E.D.N.Y. 2009) ....................................................... 11

Brown v. Annucci,
   2021 U.S. Dist. LEXIS 43011 (S.D.N.Y. March 8, 2021)................................. 30

Brown v. City of Oneonta, N.Y.,
   221 F.3d 329 (2nd Cir. 1999)............................................................... 32

Callahan v. Consol. Edison Co. of N.Y., Inc.,
   187 F. Supp. 2d 132 (S.D.N.Y. 2002) ...................................................... 21

Carter v. City of Syracuse Sch. Dist.,
  2012 U.S. Dist. LEXIS 36612 (N.D.N.Y. 2012) ......................................................... 24

Chamberlain v. City of White Plains,
  986 F. Supp. 2d 363 (S.D.N.Y. 2013) ...................................................................... 34

Chrebet v. Cty. Of Nassau,
  24 F. Supp. 3d 236 (E.D.N.Y. 2014) ........................................................................ 29

Cleveland Bd. of Educ. V. Loudermill,
  470 U.S. 532 (1985) ................................................................................................ 28

Clissuras v. City University of New York,
  359 F.3d 79 (2nd Cir. 2004) ...................................................................................... 9

College Say. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.,
  527 U.S. 666, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999) ......................................... 8

Colon v. Coughlin,
  58 F. 3d 865 (2nd Cir. 1995) .................................................................................... 29

Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media,
  140 S. Ct. 1009 (2020) ............................................................................................ 22

Copperweld Corp v. Independence Tube Corp.,
  467 U. S. 752 (1984) ................................................................................................ 34

Cortec Indus., Inc. v. Sum Holding L.P.,
  949 F.2d 42 (2nd Cir. 1991) ...................................................................................... 7

Craddock v. Little Flower Children & Family Servs. of New York,
  No. 12-CV5062(JS)(GRB), 2016 WL 755631 (E.D.N.Y. Feb. 25, 2016) ................... 10

Davidson v. Desai,
  817 F. Supp. 2d 166 (W.D.N.Y. 2011) ..................................................................... 29

Davis Bell v. Columbia Univ.,
  851 F. Supp. 2d 650 (S.D.N.Y. 2012) ................................................................. 14, 15

Demoret v. Zegarelli,
  451 F. 3d 140 (2nd Cir. 2006) .................................................................................. 26

Dorman v. Webster Cent. Sch. Dist.,
  576 F. Supp. 2d 426 (W.D.N.Y. 2008) ..................................................................... 17

Duplan v. The City of New York,
  888 F. 3d 612 (2nd Cir. 2017) .................................................................................. 24

v

Elliot-Leach v. N.Y.C. Dep't of Educ.,
   710 F. App'x 449 (2nd Cir. 2017) ................................................................... 17

Emmons v. City Univ. of NY,
   715 F. Supp. 2d 394 (E.D.N.Y. 2010) ............................................................ 15

Equal Opportunity Empl. Comm'n v. United Health Programs of Am., Inc.,
   213 F. Supp. 3d 377 (E.D.N.Y. 2016) ............................................................ 18

Evans v. Port Auth. of N.Y. & N.J.,
   2017 U.S. Dist. LEXIS 125386 (E.D.N.Y. Aug 8, 2017) ............................... 22

Farmer v. Shake Shack Enters., LLC,
   473 F. Supp. 3d 309 (S.D.N.Y. July 21, 2020) .............................................. 16

Fowlkes v. Ironworkers Local 40,
   2015 U.S. App. LEXIS 10339 (2nd Cir. 2015) .............................................. 11

France v. Touro College,
   No. 14-CV-4613 (NGG) (CLP), 2016 WL 1105400 (E.D.N.Y. Feb. 16, 2016) ..................... 10

Fukelman v. Delta Air Lines, Inc.,
   18-cv-2, 2020 U.S. Dist. LEXIS 66410 (E.D.N.Y. Apr. 13, 2020) ................. 17

Gatling v. West,
   2021 U.S. App. LEXIS 9837 (2nd Cir. Apr 6, 2021) ..................................... 22

Germain v. M & T Bank Corp.,
   111 F. Supp. 3d 506 (S.D.N.Y. 2015) ............................................................ 32

Graziano v. New York State Police,
   198 F. Supp. 2d 570 (S.D.N.Y. 2002),
   aff'd, 142 F. App'x 5 (2nd Cir. 2005) ....................................................... 13, 27

Grullon v. City of New Haven,
   720 F.3d 133 (2nd Cir. 2013) ......................................................................... 29

Gurfein v. Ameritrade, Inc.,
   312 Fed. Appx. 410 (2nd Cir. 2009) ................................................................. 7

Hartline v. Gallo,
   546 F.3d 95 n.3 (2nd Cir. 2008) ..................................................................... 34

Hickey v. City of New York,
   No. 01-CV-6506, 2004 U.S. Dist. LEXIS 23941, 2004 WL 2724079 (S.D.N.Y.
   Nov. 29, 2004) (citations omitted), aff'd, 173 F. App'x 893 (2nd Cir. 2006) .............................. 32

Hogan v. County of Lewis, NY,
   929 F. Supp 2d 130 (N.D.N.Y. 2013) ................................................................. 24

Holmes v. Caliber Home Loans, Inc.,
   No. 16 CV 3344, 2017 U.S. Dist. LEXIS 119650, 2017 WL 3267766 (S.D.N.Y.
   July 31, 2017) ........................................................................................................ 8

Humphries v. City Univ.,
   13-cv-2641, 2013 U.S. Dist. LEXIS 169086 (S.D.N.Y. No. 26, 2013) .................... 14

Hussein v. Sheraton N.Y. Hotel,
   100 F. Supp. 2d 203 (S.D.N.Y. 2000) ................................................................. 21

In re Elevator Antitrust Litig.,
   502 F.3d 47 (2nd Cir. 2007) .................................................................................. 6

In re Sept. 11 Prop. Damage & Bus. Loss Litig.,
   481 F. Supp. 2d 253 (S.D.N.Y. 2007) ................................................................. 12

Izmirligil v. Whalen,
   2015 U.S. Dist. LEXIS 39533 (E.D.N.Y. 2015) ............................................... 9, 24

Jenkins v. N.Y. City Tran. Auth.,
   2002 U.S. Dist. LEXIS 15546 (S.D.N.Y. Aug. 21, 2002) ........................................ 7

Jews for Jesus, Inc. v. Jewish Cmty. Relations Council of N.Y., Inc.,
   968 F.2d 286 (2nd Cir. 1992) .............................................................................. 32

Jordan v. Forfeiture Support Assocs.,
   928 F. Supp. 2d 588 n. 5, (E.D.N.Y 2013) ........................................................... 11

Kern v. City of Rochester,
   93 F.3d 38 (2nd Cir. 1996) .................................................................................... 6

Kirby v. Yonkers Sch. Dist.,
   767 F. Supp. 2d 452 (S.D.N.Y. 2011) ................................................................. 28

Kirkweg v. New York City Dep't of Educ.,
   12-cv-2635, 2013 U.S. Dist LEXIS 55042 (S.D.N.Y. Apr. 4, 2013) ................ 13, 27

LaMagna v. Brown,
   474 F. App'x 788 (2nd Cir. 2012) ........................................................................ 29

Leeds v. Meltz,
   85 F.3d 51 (2nd Cir. 1996) ..................................................................................... 6

Legnani v. Alitalia Linee Aeree Italiane, SPA,
   274 F.3d 683 (2nd Cir. 2001) .............................................................................. 11

Lore v. City of Syracuse,
670 F.3d 127 (2nd Cir. 2012) ................................................................. 15

Makarova v. United States,
201 F. 3d 11 (2nd Cir. 2000) ................................................................... 5

McCoy v. Goord,
255 F. Supp. 2d 233 (S.D.N.Y. 2003) .................................................... 12

McDonnell Douglas Corp. v. Green,
411 U.S. 792 (1973) ............................................................................... 19

McKenna v. Wright,
386 F.3d 432 (2d Cir. 2004) .................................................................. 12

McKinney v. Tanner,
18-cv-10548, 2019 U.S. Dist. LEXIS 116449 (S.D.N.Y. July 12, 2019) ................................ 22

Mejia v. T.N. 888 Eighth Ave.,
2016 N.Y. Misc. LEXIS 4841 (Sup. Ct. N.Y. Co. 2016) ........................ 19

Moore v. Verizon,
13-cv-6467, 2016 U.S. Dist LEXIS 16201 (S.D.N.Y. Feb. 5, 2016) ................................ 13, 27

Morales v. N.Y. & Presbyterian Hosp.,
18-CV-9711, 2019 U.S. Dist. LEXIS 231605 (S.D.N.Y. Nov. 20, 2019) ................................ 22

Murray v. Lakeland Cent. Dist. Bd. of Ed.,
No. 16-CV-6795, 2017 U.S. Dist. LEXIS 157755, 2017 WL 4286658 n.10
(S.D.N.Y. Sept. 26, 2017) ...................................................................... 34

Palmieri v. Lynch,
392 F.3d 73 (2nd Cir. 2004) .................................................................. 33

Patterson v. County of Oneida,
375 F.3d 206 (2nd Cir. 2004) ................................................................ 15

Pennhurst State School and Hospital v. Halderman,
465 U.S. 89 S. Ct. 900, 79 L. Ed. 2d 67 (1984) ...................................... 8

Pesok v. Hebrew Union College-Jewish Inst. of Religion,
235 F. Supp. 2d 281 (S.D.N.Y 2002),
aff'd, 86 Fed. Appx. 479 (2nd Cir. 2004) ......................................... 13, 27

Poles v. Brooklyn Cmty. Hous. & Servs.,
No. 10-CV-1733, 2010 U.S. Dist. LEXIS 48129, 2010 WL 1992544 (E.D.N.Y.
May 14, 2010) ........................................................................................ 32

Ren Yuan Deng v. N.Y. State Office of Mental Health,
   No. 13-CV-6801 (ALC), 2015 WL 221046 (S.D.N.Y. Jan. 15, 2015) .................................... 11

Richardson v. Goord,
   347 F.3d 431 (2nd Cir. 2009) ........................................................................................... 30

Rini v. Zwirn,
   886 F. Supp. 270 (E.D.N.Y. 1995) .................................................................................... 34

Rosenberg v. City of New York,
   No. 09-CV-4016, 2011 U.S. Dist. LEXIS 112818, 2011 WL 4592803 (E.D.N.Y.
   Sept. 30, 2011) ................................................................................................................. 34

Rumain v. Baruch College of the City University of New York,
   No. 06 Civ. 8256, 2007 U.S. Dist. LEXIS 36964, 2007 WL 1468885 (S.D.N.Y.
   May 18, 2007) ..................................................................................................................... 9

Scelsa v. City Univ. of New York,
   806 F. Supp. 1126 (S.D.N.Y. 1992) .................................................................................. 23

Schenkman v. N.Y. Coll. of Health Prof'ls,
   29 A.D.3d 671 (2d Dept. 2006) ........................................................................................ 18

Smith v. Local 819 IB.T Pension Plan,
   291 F.3d 236 (2nd Cir. 2002) ............................................................................................. 6

Soloviev v. Goldstein,
   104 F. Supp. 3d 232 (E.D.N.Y. 2015) .............................................................................. 10

Soto v. Marist Coll.,
   17-cv-7976, 2019 U.S. Dist. LEXIS 94225 (S.D.N.Y. June 5, 2019) ...................................... 22

Staten v. City of N.Y.,
   653 F. App'x 78 (2nd Cir. 2016) ...................................................................................... 18

Talley v. Brentwood Union Free Sch. Dist.,
   728 F. Supp. 2d 226 (E.D.N.Y. 2010) .............................................................................. 35

Tangreti v. Bachmann,
   983 F.3d 609 (2nd Cir. 2020) .................................................................................... 29, 30

Tilley v. ADM Sec. Investigations,
   2008 U.S. Dist. LEXIS 23086 (E.D.N.Y. Mar. 24, 2008) ........................................................ 6

Torres v. City of N.Y.,
   18-cv-3644, 2019 U.S. Dist. LEXIS 68168 (S.D.N.Y. Apr. 22, 2019) ............................... 13, 26

University of Texas Southwestern Medical Center v. Nassar,
   570 U.S. 338 (2013) ........................................................................... 16

Vega v. Hempstead Union Free Sch. Dist.,
   801 F.3d 72 (2nd Cir. 2015) ................................................... 12, 16, 20

Walsh v. A.R. Walker & Co.,
   2018 N.Y. Misc. LEXIS 6007 (Sup. Ct. NY Cty. 2018) ......................... 18

Washington v. Garage Mgmt. Corp.,
   11-cv-3420, 2012 U.S. Dist. LEXIS 136439 (S.D.N.Y. Sept. 20, 2012) ............................... 17

Webb v. Goord,
   340 F.3d 105 (2nd Cir. 2003) ......................................................... 32, 33

Will v. Michigan Dep't of State Police,
   491 U.S. 58 (1989) ......................................................................... 9, 23

Williams v. City of New York,
   11-cv-9679, 2012 U.S. Dist. LEXIS 112482 (S.D.N.Y. Aug 8, 2012) .................................... 13

Williams v. Long Beach Mortg. Co.,
   No. 15-CV-5952, 2016 U.S. Dist. LEXIS 136075, 2016 WL 5720810 (S.D.N.Y.
   Sept. 30, 2016) (citation and quotation marks omitted), aff'd, 709 Fed. Appx. 92
   (2nd Cir. 2018) ................................................................................. 33

Wynn v. AC Rochester,
   273 F. 3d 153 (2nd Cir. 2001) ............................................................. 5

Zelnik v. Fashion Inst. of Tech.,
   464 F.3d 217 (2nd Cir. 2006) ............................................................. 25

Ziglar v. Abbasi,
   137 S. Ct. 1843 (2017) .................................................................. 31, 34

Zinermon v. Burch,
   494 U.S. 113 (1990) ..................................................................... 24, 25

**Statutes**

28 U.S.C. § 1367 ................................................................................. 8

42 U.S.C. § 1981(b) ........................................................................... 21

42 U.S.C. § 1981 .............................................................. 5, 21, 22, 23, 24

42 U.S.C. § 1981(a) ........................................................................... 21

42 U.S.C. § 1981(c) ........................................................................... 24

x

42 U.S.C. § 1983 ............................................................................ 5, 23, 24, 25, 26, 28, 29, 30

42 U.S.C. § 1985 ......................................................................................................... 5, 33, 35

42 U.S.C. § 1985(3) ........................................................................................... 31, 32, 34, 35

42 U.S.C. § 2000e-3 ............................................................................................................. 13

42 U.S.C. § 2000e-5(e)-(f) ................................................................................................... 11

New York State Executive Law § 292 ................................................................................. 10

New York State Executive Law § 296 ....................................................................... 5, 7, 9, 10

New York State Executive Law § 296(1)(a) ........................................................................ 10

New York State Executive Law § 296(6) ............................................................................. 10

Ney York State Executive Law § 296(1) .............................................................................. 10

Title VII of the Civil Rights Act of 1964 ................................. 5, 11, 12, 13, 14, 15, 16, 17, 26, 27

**Other Authorities**

https://doccs.ny.gov/about-us ................................................................................................. 2

**Rules**

Federal Rules of Civil Procedure Rule 12 .............................................................................. 1

Federal Rules of Civil Procedure Rule 12(b)(1) ......................................................... 1, 5, 8, 35

Federal Rules of Civil Procedure Rule 12(b)(6) .................................................. 1, 6, 7, 11, 12, 35

## PRELIMINARY STATEMENT

The Defendants THE STATE OF NEW YORK; NEW YORK, STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION; KELLY AHEARN as Director of Personnel; MURIEL HARVEY as Regional  Director; LEWIS SQUILLACIOTI as Assistant Regional Director (hereinafter collectively the "Moving Defendants"), hereby move to dismiss the Plaintiff, Cheryl Wallace's ("Wallace" or "Plaintiff"), Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

The burden upon the plaintiff in a Complaint is to provide "sufficient detail" so that the parties and the Court may be able to discern a "fair idea" of what the plaintiff is complaining of. Here, Ms. Wallace's employment discrimination claims fail as a matter of law because she woefully fails to allege or identify any facts whatsoever that would properly form the basis of any employment discrimination claim for which she would be entitled monetary damages.

Accordingly, since plaintiff alleges a multitude of conclusory assertions that lack any factual basis, she cannot meet the rational plausibility standard required to allow the Amended Complaint to survive a Rule 12 motion.  Therefore it is respectfully requested that the Court dismiss the Amended Complaint in its entirety as to the Moving Defendants as completely lacking in merit.

## RELEVANT FACTUAL BACKGROUND

The New York State Department of Corrections and Community Supervision ("DOCCS"), guided by the Departmental Mission, is responsible for the confinement and rehabilitation with approximately 34,400 individuals under custody held at 50 state facilities and supervision of over 35,000 parolees throughout seven regional offices statewide. DOCCS' mission is to ensure public safety by operating safe and secure facilities, preparing individuals for release, and then

supervising them to be successful when they return home from prison; their vision is to enhance public safety by having incarcerated persons return home under supportive supervision less likely to revert to criminal behavior.[1]

The Court is also directed to the Declaration of Christopher A. Priore, Esq. which is being filed contemporaneously herewith in Support of the Moving Defendants' Motion to Dismiss the Amended Complaint.

## THE AMENDED COMPLAINT

Plaintiff filed her original Complaint on November 3, 2020. ECF Doc. 1. The Complaint was then amended and filed on October 14, 2021. ECF Doc. 28.

### *Parties Named*

Plaintiff filed suit against the following Moving Defendants, all of whom—at the times alleged within plaintiff's Amended Complaint—were DOCCS employees: Kelly Ahearn, director of personnel; Muriel Harvey, regional director (retired); and Lewis Squillacioti, assistant regional director (hereinafter referred to as the "individual Moving Defendants"). Each of the aforementioned individual Moving Defendants were in higher, supervisory positions than plaintiff.

### *Plaintiff's Allegations*

Plaintiff alleges that she began her employment at New York State Department of Corrections and Community Supervision ("DOCCS") on May 10, 2001 as a Parole Officer. *See* ECF Doc. 28 ¶ 13. According to her Amended Complaint, it wasn't until 17 years after joining DOCCS that plaintiff was promoted to Senior Parole Officer on October 18, 2018. *Id*. at ¶ 14. Once promoted, non-moving co-defendant Kevin Uzzell ("Uzzell") became plaintiff's direct supervisor. *Id*. at ¶ 15.

---

[1] https://doccs.ny.gov/about-us

While she fails to allege any specific date(s) to support her allegations of misconduct by Uzzell, plaintiff alleges Uzzell "regularly subjected [her] to unlawful sexually explicit comments in the presence of other employees, resulting in plaintiff becoming subject to ridicule and embarrassment when she complained of his deportment." *Id*. Plaintiff further alleges that Uzzell made "derogatory and sexually explicit comments about how he was sleeping with Bureau Chief Raquel Welch ("Welch"), an area supervisor who was married at the time." *Id*. at ¶ 16. Plaintiff claims that despite her verbally objecting to his workplace conduct, Uzzell failed to cease his "unlawful behavior." *Id*. plaintiff provides an example in which Uzzell made unsolicited sexually explicit comments to plaintiff stating, "she would suck my dick" while mimicking the gesture. *Id*. Plaintiff further alleges that Uzzell would "relentlessly make unwanted statements about their [Uzzell and Welch] daily sexual activity" even though she "verbally objected" to Uzzell's workplace conduct. *Id*.

The Amended Complaint purports that Uzzell "recognized that the plaintiff was uncomfortable with his behavior" but nonetheless would go on to say things like "you are ungrateful and I have done so much for you," referring to his alleged "claims that he selected her from the promotion list, got her assigned to the Brooklyn 1 Office and permitted her to work a flexible work schedule." *Id*. at ¶ 17.

It is further alleged that Uzzell would make unwanted comments along the lines of, "how pretty you are, and you need to smile more to show your pretty face." Plaintiff claims these comments were made in the presence of other colleagues and that the comments "interfered with her work performance and created an intimidating, offensive hostile work environment." *Id*. Plaintiff also alleges Uzzell "persisted with his unlawful demand for sexual favors," but does not allege any facts to support said allegation. *Id*.

3

Plaintiff further alleges that Uzzell discriminated against her for using approved Family Medical Leave Act ("FMLA") time and gave her several unsatisfactory performance evaluations including three (3) in one week, latest being on November 12, 2019. *Id*. at ¶ 21, 22. The Amended Complaint alleges that on November 12, 2019, Uzzell became hostile toward her when discussing the November 12, 2019 performance evaluation; he allegedly wanted the original back after plaintiff's review, blocked her from exiting the door in her attempt to make a copy of it, and tried to take the envelope out of her hand. *Id*. at ¶ 27.  Plaintiff claims that she felt intimidated and threatened, and she uttered "you're threatening me" to Uzzell. *Id*. at ¶ 28.

Plaintiff filed an official DOCCS complaint against Uzzell on November 12, 2019. *Id*. Plaintiff acknowledges that just one (1) day later, on November 13, 2019, John Shipley[2] issued a "Cease and Desist Order" to both plaintiff and Uzzell, prohibiting Uzzell and plaintiff from having *direct* contact. (emphasis added) *Id*. at ¶ 29. This Order also reassigned Moving Defendant Lewis Squillacioti as plaintiff's direct supervisor, to further ensure plaintiff had no contact with Uzzell during the investigatory phase of the DOCCS complaint process. *Id*. at ¶ 30. Lastly, plaintiff's work area was allegedly changed from the first to third floor at the Brooklyn 1 Area Office. *Id*.

The Amended Complaint goes on to allege that plaintiff received several unsatisfactory performance reviews during her probationary period, claiming that each was due to Uzzell's "retaliating" against her for filing the DOCCS complaint against him. *Id*. at ¶ 19, 22, 24 and 26. However, the majority of unsatisfactory performance evaluations were received *prior to* plaintiff's filing of her DOCCS complaint. *Id*.

Moreover, plaintiff alleges that she was threatened to be "terminated immediately." However, plaintiff conveniently omits the fact that, because she was a probationary employee, i.e.,

---

[2] For the Court's clarity in ¶ 29 of the Amended Complaint, Plaintiff incorrectly refers to Mr. Shipley as a "Defendant", however, Plaintiff's Amended Complaint dropped all claims against Mr. Shipley.

4

a newly promoted parole officer, a termination refers to a termination of a *probationary period* and subsequent demotion to a lesser position—not an outright firing. *Id*. at ¶ 34.

As the Court will likely note, there are no factual allegations in the Amended Complaint that plaintiff's race, color, sex nor gender played any part in nor was a motivating factor in the alleged unlawful employment discrimination.

*Plaintiff's Causes of Action*

Plaintiff asserts 13 causes of action as follows: three (3) causes of action under Title VII of the Civil Rights Act of 1964 ("Title VII"); three (3) causes of actions under 42 U.S.C. § 1981 ("Section 1981" or § 1981); three (3) causes of actions under 42 U.S.C. § 1983 ("Section 1983" or § 1983); one (1) cause of action under 42 U.S.C. § 1985 ("Section 1985" or § 1985); and three (3) causes of actions under the New York State Executive Law §296.

## LEGAL STANDARD

(i)      Federal Rule of Civil Procedure 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a party may assert the defense that the court lacks subject matter jurisdiction to hear a claim. Federal Courts are Courts of limited jurisdiction and may not entertain matters over which they do not have subject matter jurisdiction. See Wynn v. AC Rochester, 273 F. 3d 153,157 (2nd Cir. 2001).  A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the District Court lacks the statutory or constitutional power to adjudicate it.  See Fed. R.Civ. P. 12(b)(1).

Moreover, "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists". Makarova v. United States, 201 F. 3d 11, 113 (2nd Cir. 2000).

5

    (ii)    <u>Federal Rule of Civil Procedure 12(b)(6)</u>

To withstand a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 570 (2007); <u>accord</u> <u>ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.</u>, 493 F.3d 87, 98 (2nd Cir. 2007) (claim must be established through sufficient non-speculative factual allegations); <u>In re Elevator Antitrust Litig.</u>, 502 F.3d 47, 50 (2nd Cir. 2007); <u>Tilley v. ADM Sec. Investigations</u>, 2008 U.S. Dist. LEXIS 23086, *4 (E.D.N.Y. Mar. 24, 2008) (factual allegations must show that the claim is plausible, not merely conceivable).

A claim is plausible when a plaintiff pleads sufficient facts to allow the Court to draw a reasonable inference that a defendant is liable for the misconduct alleged. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677 (2009).  Although a complaint is liberally construed on a motion to dismiss, the Court should not accept a complaint's legal conclusions and unwarranted factual contentions. <u>See</u> <u>Smith v. Local 819 IB.T Pension Plan</u>, 291 F.3d 236, 240 (2nd Cir. 2002) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss"); <u>Kern v. City of Rochester</u>, 93 F.3d 38, 44 (2nd Cir. 1996) (conclusory allegations are not sufficient to defeat a motion to dismiss); <u>Leeds v. Meltz</u>, 85 F.3d 51 (2nd Cir. 1996) (despite the liberal pleading standard, bald assertions and conclusions of law will not suffice to overcome a motion to dismiss).

In assessing the legal sufficiency of a complaint against a Rule 12(b)(6) challenge pursuant to <u>Twombly</u> and <u>Iqbal</u>, a Court will only assume the veracity of "well pleaded factual allegations." <u>Iqbal</u>, 556 U.S. at 679-680.  Pleadings that are no more than legal "conclusions" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not

entitled to the assumption of truth. Id. at 677; see also Twombly, 550 U.S. at 555; Gurfein v. Ameritrade, Inc., 312 Fed. Appx. 410 (2nd Cir. 2009). The purpose of Rule 12(b)(6) is to allow courts to terminate lawsuits "that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc., 988 F.2d 1157, 1160 (Fed. Cir. 1993); Jenkins v. N.Y. City Tran. Auth., 2002 U.S. Dist. LEXIS 15546 (S.D.N.Y. Aug. 21, 2002) (pre-answer dismissal where complaint was devoid of factual support for race discrimination claims); Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2nd Cir. 1991) (affirmation of pre-answer dismissal of complaint for failure to state a claim). Most relevant to the case at bar, the Southern District dismissed an employment discrimination complaint under 12(b)(6) for failure of the Complaint to meet the pleading standard stated, "a plaintiff must allege both that the employer took adverse action against him and that some form of discrimination barred by law motivated that action, at least in part." Benjamin v. Consol. Edison Co. of NY, 14-cv-9230, 2015 U.S. Dist. LEXIS 129639, at *7 (S.D.N.Y. Sept 22, 2015).

## ARGUMENT

## THE COURT SHOULD DISMISS PLAINTIFF'S
## AMENDED COMPLAINT IN ITS ENTIRETY AS TO MOVING DEFENDANTS

## POINT I

## THE COURT MUST DISMISS PLAINTIFF'S CLAIMS
## AGAINST THE MOVING DEFENDANTS WHICH ARE
## PREMISED UPON NEW YORK EXECUTIVE LAW § 296

### A. The Eleventh Amendment's Sovereign Immunity Protection Prohibits Claims Against the Moving Defendants in Federal Court.

The plaintiff's Counts "XI", "XII", and "XII" assert violations of New York Executive Law § 296 for: (i) race and gender based discrimination; (ii) retaliation, and (iii) hostile work

7

environment. However, the Court should dismiss these claims pursuant to Fed. R. Civ. P. 12(b)(1) as to the Moving Defendants based upon their sovereign immunity protection under the Eleventh Amendment to the United States Constitution.

    (i)    *Sovereign Immunity Bars Plaintiff's Counts "XI", "XII", and "XIII" Against the State of New York and the New York State Department of Corrections and Community Supervision.*

"It is clear, of course, that in the absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is prohibited by the Eleventh Amendment." Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984) (citations omitted). This jurisdictional bar applies to suits in law and equity. Id. Thus, "an individual may not sue a state, its agencies or officials in federal court, absent the state's consent or an express statutory waiver of immunity." Holmes v. Caliber Home Loans, Inc., No. 16 CV 3344, 2017 U.S. Dist. LEXIS 119650, 2017 WL 3267766, at *5 (S.D.N.Y. July 31, 2017) (citing College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999)).

    The plaintiff's Amended Complaint states that the "pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims…pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one constitutional and civil rights case". (Doc. 28, ¶ 4). However, as to all the claims which would otherwise be barred by the eleventh amendment, the Court cannot exercise its pendent jurisdiction. See Pennhurst State Sch. Hosp. v. Halderman, 465 U.S. 89, 120-121 (1984)("neither pendent jurisdiction nor any other basis for jurisdiction may override the eleventh amendment").

    Moreover, the Eleventh Amendment also bars federal courts from adjudicating alleged violations of state law, absent consent. Pennhurst, 465 U.S. at 106. It is undisputed that New York

has not waived its immunity from suit under the New York Human Rights Law, of which Section

296 of the N.Y. Executive Law is a part. <u>Rumain v. Baruch College of the City University of New

York</u>, No. 06 Civ. 8256, 2007 U.S. Dist. LEXIS 36964, 2007 WL 1468885, at *2 (S.D.N.Y. May

18, 2007).

While plaintiff's three § 296 claims take various forms, none of which would in any event

entitle plaintiff to relief, it is clear that such claims against the State of New York and the New

York State Department of Corrections and Community Supervision are unquestionably barred and

therefore must be dismissed.

*(ii)   Sovereign Immunity Bars Plaintiff's Counts "XI", "XII", and "XIII" Against the
        Individual Moving Defendants in Both Their Official Capacities.*

As discussed above, the Eleventh Amendment also bars claims against state officials acting

in their official capacity. <u>See</u> <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989). That

is so because a "suit against a state official in his or her official capacity is not a suit against the

official, but rather is a suit against the official's office". <u>Id</u>. Courts in the Second Circuit have

routinely upheld this principle where state law claims are asserted against individuals who are, in

essence, "an arm of the state". <u>See</u> <u>e.g.</u>, <u>Clissuras v. City University of New York</u>, 359 F.3d 79, 81

(2nd Cir. 2004). In point of fact, the late Judge Feuerstein in <u>Izmirligil v. Whalen</u>, held that

"[l]awsuits naming state officials in their official capacities and seeking money damages are barred

by the Eleventh Amendment". 2015 U.S. Dist. LEXIS 39533 *5 (E.D.N.Y. 2015).

Whereas here, plaintiff asserts § 296 claims against the individual Moving Defendants in

their "official capacities" seeking exclusively pecuniary damages. (<u>see</u> Doc. 28, pgs. 31-32). Those

Defendants, acting in their official capacity are entitled to sovereign immunity and therefore any

claims brought by plaintiff predicated upon state law must be dismissed.

**B. The Individual Defendants are Not Subject to Liability Under § 296 in Their Individual Capacity Under New York State Law.**

Under normal circumstances "individual capacity" lability as compared to "official capacity" in the context of § 296 is difficult for a plaintiff to establish. However, [i]ndividual liability under § 296(1) . . . is limited to individuals with ownership interest or supervisors, who themselves have the authority to hire and fire employees." Craddock v. Little Flower Children & Family Servs. of New York, No. 12-CV5062(JS)(GRB), 2016 WL 755631, at *14 (E.D.N.Y. Feb. 25, 2016). Moreover, "[s]ection 296(6) of the NYSHRL attaches individual liability to "aiding and abetting" § 296(1)(a) violations." Id. (quoting N.Y. Exec. Law § 296(6)).

However, most importantly as a threshold matter the plaintiff must first establish liability of the "employer" as such term is defined by Executive Law § 292. See France v. Touro College, No. 14-CV-4613 (NGG) (CLP), 2016 WL 1105400, at *9 (E.D.N.Y. Feb. 16, 2016) ("[I]ndividual liability under the NYSHRL cannot attach without corresponding liability for the employer enterprise."), report and recommendation adopted, 2016 WL 1117459 (E.D.N.Y. Mar. 21, 2016).

In other words, here, for plaintiff to state a claim against the individual moving defendants in their "individual capacity" she must first establish a viable claim against the State of New York and the New York State Department of Corrections and Community Supervision—she has not. As discussed above the claims against the State of New York and the New York State Department of Corrections and Community Supervision are barred by Eleventh Amendment.

It is axiomatic therefore that the individual Moving Defendants also enjoy the Eleventh Amended Sovereign Immunity protections.  See Soloviev v. Goldstein, 104 F. Supp. 3d 232, 253 (E.D.N.Y. 2015) ("Here, as [the p]laintiffs cannot state a claim against CUNY under [the] NYSHRL and NYCHRL because the claims are barred by the Eleventh Amendment, [the p]laintiffs also cannot state a claim against the Individual CUNY Defendants in their individual

10

capacities as aiders and abettors."); see also Ren Yuan Deng v. N.Y. State Office of Mental Health, No. 13-CV-6801 (ALC), 2015 WL 221046, at *5 (S.D.N.Y. Jan. 15, 2015) (dismissing a plaintiff's NYSHRL claim against individual defendants because she could not establish employer liability against the defendant in light of the Eleventh Amendment).

## POINT II

## THE COURT MUST DISMISS PLAINTIFF'S 42 U.S.C 2000e-2 (TITLE VII) CLAIMS IN THEIR ENTIRETY

### A. Plaintiff Has Not Obtained a Right-to-Sue Letter and Therefore Has Failed to Exhaust Her Administrative Remedies

In order to bring a Title VII claim, a plaintiff is required to first exhaust their administrative remedies before filing suit in federal court. See 42 U.S.C. § 2000e-5(e)-(f); Fowlkes v. Ironworkers Local 40, 2015 U.S. App. LEXIS 10339, *12 (2nd Cir. 2015). "Exhaustion of administrative remedies through the EEOC is an essential element of the Title VII . . . statutory scheme[]"; accordingly, it is "a precondition to bringing such claims in federal court." Id. citing Legnani v. Alitalia Linee Aeree Italiane, SPA, 274 F.3d 683, 686 (2nd Cir. 2001). Notably, the plaintiff herself concedes that she has not fulfilled the condition precedent, a Right-to-Sue letter from the Equal Employment Opportunity Commission ("EEOC"). See ECF Doc. 28 ¶ 11.

While "administrative exhaustion is not a jurisdictional requirement; rather, it is merely a precondition of suit and, accordingly, it is subject to equitable defenses" the Court should nevertheless dismiss plaintiff's Title VII claims pursuant to FRCP 12(b)(6). See Fowlkes, at 384. However, in Jordan v. Forfeiture Support Assocs., 928 F. Supp. 2d 588 n. 5, (E.D.N.Y 2013) the Court noted that:

> [t]he failure to exhaust administrative remedies is an affirmative defense, for which defendant bears the burden of proof. Broich v. Inc. Vill. of Southampton, 650 F. Supp. 2d 234, 246 (E.D.N.Y. 2009). "An 'affirmative defense is normally asserted in an answer,'

but it may be raised on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) where 'the complaint itself establish[es] the circumstances required as a predicate to a finding' that the affirmative defense applies." *In re Sept. 11 Prop. Damage & Bus. Loss Litig*., 481 F. Supp. 2d 253, 258 (S.D.N.Y. 2007) (alteration in original) (quoting *McKenna v. Wright*, 386 F.3d 432, 435 (2d Cir. 2004)); *see also McCoy v. Goord*, 255 F. Supp. 2d 233, 251 (S.D.N.Y. 2003) ("If nonexhaustion is clear from the face of the complaint (and incorporated documents), a motion to dismiss pursuant to Rule 12(b)(6) for failure to exhaust should be granted."). For the reasons articulated below, the court finds that plaintiff's failure to exhaust her administrative remedies with respect to her Title VII discrimination claims based on race and color is clear from the face of the Complaint and documents within the purview of judicial notice. Thus, defendant may properly assert its exhaustion defense in its pre-answer motion to dismiss under Rule 12(b)(6).

Therefore, notwithstanding the EEOC and NYSDHR's "work-sharing agreement", the NYSDHR's "ORDER OF DISMISSAL FOR ADMINISTRATIVE CONVENIENCE" does not permit plaintiff to forgo exhausting her administrative remedies before the EEOC. Accordingly, Plaintiff's Title VII claims contained in the Amended Complaint must be dismissed.

**B. Plaintiff's Claims are Also Insufficient to Demonstrate the Required Causal Link Between the Alleged Conduct and the Discriminatory Action.**

To state a claim for employment discrimination under Title VII, "a plaintiff must plausibly allege that (1) the employer took adverse action against [her] and (2) [her protected characteristic] was a motivating factor in the employment decision." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 86 (2nd Cir. 2015). The relevant provision of Title VII provides as follows:

(a) Employer practices. It shall be an unlawful employment practice for an employer-- (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, **because of** such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive

12

> any individual of employment opportunities or otherwise
> adversely affect his status as an employee, because of such
> individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-3. (emphasis added).

A discrimination claim can only be successful if the plaintiff's complaint demonstrates that his or her protected characteristic was the "motivating factor" for an adverse employment action. Torres v. City of N.Y., 18-cv-3644, 2019 U.S. Dist. LEXIS 68168, at *7-8 (S.D.N.Y. Apr. 22, 2019) (the plaintiff's complaint failed to allege that her sexual orientation was a motivating factor for any adverse employment action); see Williams v. City of New York, 11-cv-9679, 2012 U.S. Dist. LEXIS 112482, at *11 (S.D.N.Y. Aug 8, 2012) (noting that the "*sine qua non* of a gender discriminatory action claim under Title VII is that the discrimination must be because of sex").

Moreover, a plaintiff's allegations must be sufficient to demonstrate a causal link between the alleged conduct and the discriminatory action.  Kirkweg v. New York City Dep't of Educ., 12-cv-2635, 2013 U.S. Dist LEXIS 55042, at *5 (S.D.N.Y. Apr. 4, 2013); Pesok v. Hebrew Union College-Jewish Inst. of Religion, 235 F. Supp. 2d 281, 287 n.5 (S.D.N.Y 2002), aff'd, 86 Fed. Appx. 479 (2nd Cir. 2004) (same).  Similarly, the lack of any discriminatory comments alleged in the Complaint further compels its dismissal as there is no plausible basis for the claim.  Moore v. Verizon, 13-cv-6467, 2016 U.S. Dist LEXIS 16201 *38 (S.D.N.Y. Feb. 5, 2016) (isolated comments directed at plaintiff precludes inference of discrimination); Graziano v. New York State Police, 198 F. Supp. 2d 570, 576 (S.D.N.Y. 2002) (dismissing claim because no gender-based comments, and no showing that acts resulted from gender), aff'd, 142 F. App'x 5 (2nd Cir. 2005).

Here, even under minimal pleading standards, plaintiff cannot state a discrimination claim based on her race, color or sex.  First, none of these allegations reflect a cognizable adverse employment action in the discrimination context.  The Amended Complaint merely mentions that

plaintiff is an African American female, but says nothing that her job was impacted *because* she was an African American nor *because* she is a female or that she received unsatisfactory performance evaluations *due to* her race, color nor sex. (emphasis added) (ECF Doc. 28 ¶ 5). Rather, if anything, they demonstrate "workplace difficulties entirely consistent with . . . non-gender-based personality disputes—disputes that are plainly not actionable under statutes intended to root out discrimination on the bases of certain statutorily denied protected characteristics." Humphries v. City Univ., 13-cv-2641, 2013 U.S. Dist. LEXIS 169086, at *26 (S.D.N.Y. No. 26, 2013) (internal citation and quotation marks omitted).

Because her allegations of race, color and sex discrimination, as well as retaliation, lack any substantive factual support, plaintiff's claims must be dismissed.  Nowhere in the Amended Complaint is there a single factual allegation that plaintiff was personally discriminated against based upon her race, color or sex. Rather, the entirety of the allegations in her Amended Complaint rest upon conclusory assertions that the Moving Defendants discriminated against plaintiff due to her race, color and sex. Plaintiff also fails to plead that her unsatisfactory performance reviews were a result of retaliation by DOCCS for plaintiff's complaint filed on November 12, 2019, namely because they were received prior to her filing her official DOCCS complaint. *See* ECF Doc. 28 ¶¶ 20, 21, 22, 24 and 26.

Without a causal connection between a protected activity and adverse employment action, plaintiff's Title VII claims cannot survive a motion to dismiss. Thus, all of plaintiff's Title VII claims should be dismissed as a matter of law.

## C. The Individual Defendants Cannot be Held Liable for Title VII Claims Brought Against Them in Their Individual or Official Capacities.

It is well-established that individual defendants cannot be held liable under Title VII. See Davis Bell v. Columbia Univ., 851 F. Supp. 2d 650, 687 (S.D.N.Y. 2012) ("It is well settled that

there is no individual liability under Title VII." (citing <u>Lore v. City of Syracuse</u>, 670 F.3d 127, 169 (2nd Cir. 2012)); <u>see</u> <u>also</u> <u>Patterson v. County of Oneida</u>, 375 F.3d 206, 221 (2nd Cir. 2004) (noting that "individuals are not subject to liability under Title VII," including "individual defendants with supervisory control over a plaintiff" (citations and quotation marks omitted)). <u>See</u> <u>Ahmad v. White Plains City Sch. Dist.</u>, 2020 U.S. Dist. LEXIS 176318 (S.D.N.Y. Sept. 24, 2020); <u>see also</u> <u>Emmons v. City Univ. of NY</u>, 715 F. Supp. 2d 394, 410 -411 (E.D.N.Y. 2010)(noting that many Court in this circuit have rejected claims against individuals sued in their individual capacity, and holding that, even  if official capacity claims are permissible, official capacity suits must be dismissed if redundant in light of claims against public entity employer).

In this case the plaintiff has asserted her Title VII claims (Counts "I", "II", and "III") against the State of New York (Count "I" only) and State of New York Department of Corrections and Community Supervision and the individual Moving Defendants both in their "*individual"* and "*official"* capacities. It is quite clear that to the extent that plaintiff's Title VII claims are asserted against the individual Moving Defendants in either their "official" or "individual" capacity the claims fail and must be dismissed as a matter of law. <u>Davis Bell</u> at 687.  Moreover, the Amended Complaint is devoid of any allegations upon which this Court should reject this Circuit's well established precedent dismissing identical claims against individual defendants premised upon an alleged violation of Title VII.

Based on the foregoing, plaintiff clearly does not allege any substantive facts of discriminatory conduct by any of the individually named Moving Defendants.

**D.  The Plaintiff Fails to State a Claim Under Title VII Against All Moving Defendants.**

Plaintiff brings the following individual Counts against all Defendants:

(i)      *Count I - Race, Color and Sexual Discrimination*:

As noted above, under Title VII, a viable Title VII discrimination claim requires a showing that "(1) the employer took adverse action against [the plaintiff] and (2) [the plaintiff's] race, color, religion, sex, or national origin was a motivating factor in the employment decision." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 86 (2nd Cir. 2015).

Here, because her allegations of race, color and sex discrimination, as well as retaliation, lack any substantive factual support, plaintiff's claims must be dismissed.   Nowhere in the Amended Complaint is there a single factual allegation that plaintiff was personally discriminated against based upon her race, color nor sex. Rather, her entire allegations in the Amended Complaint rest upon conclusory assertions that DOCCS discriminated against plaintiff due to her race, color and sex.

(ii)     *Count II – Retaliation*:

Plaintiff's retaliation claims fail as a matter of law because she has not, and cannot, allege facts demonstrating a causal connection between any alleged adverse employment action and a prior protected activity.

To survive dismissal, a plaintiff is required to plausibly plead that but-for her engagement in a prior qualifying protected activity, she would not have suffered an adverse action.   See University of Texas Southwestern Medical Center v. Nassar, 570 U.S. 338, 342-43 (2013); Farmer v. Shake Shack Enters., LLC, 473 F. Supp. 3d 309, n.7 (S.D.N.Y. July 21, 2020) (applying but-for causation standard to Title VII retaliation claim, and stating that "[d]istrict courts in this Circuit— including this one—have also applied the but-for standard to NYSHRL claims").   To successfully plead a claim for retaliation, plaintiff is required to show: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a

16

causal connection between the protected activity and the adverse employment action." Washington v. Garage Mgmt. Corp., 11-cv-3420, 2012 U.S. Dist. LEXIS 136439, at *45 (S.D.N.Y. Sept. 20, 2012).

A retaliation claim will fail if, like here, there is no dispute that plaintiff was already at risk of an adverse employment action prior to any alleged protected activity. Fukelman v. Delta Air Lines, Inc., 18-cv-2, 2020 U.S. Dist. LEXIS 66410, at *60-61 (E.D.N.Y. Apr. 13, 2020) (because plaintiff had already been investigated and suspended, the mere temporal proximity of his subsequent qualified activity will not allow his claim to survive a motion to dismiss); see Elliot-Leach v. N.Y.C. Dep't of Educ., 710 F. App'x 449, 452 (2nd Cir. 2017) (no inference of retaliation based on temporal proximity when adverse actions began before the plaintiff had engaged in a protected activity); Dorman v. Webster Cent. Sch. Dist., 576 F. Supp. 2d 426, 431 (W.D.N.Y. 2008) (pre-answer motion to dismiss granted because the court does not sit as super-personnel department that reexamines business decisions).

Here, the allegations in the Amended Complaint describe that plaintiff was already at risk of an adverse employment action, i.e., termination (which is a demotion to a lesser grade, not a firing), due to her numerous unsatisfactory performance evaluations prior to her even filing a complaint against non-moving defendant Uzzell. Pursuant to Fukelman and Elliot-Leach, plaintiff's retaliation claim must fail.

Further, plaintiff has not alleged facts in the Amended Complaint demonstrating a causal connection between any alleged adverse employment action and a prior protected activity as required by Washington. Thus, based upon the lack of any specific allegation that a protected activity *or* plaintiff being part of a protected class had any role in her subsequent alleged threatened unlawful employment action, plaintiff's Title VII claims must fail.

Accordingly, given that the alleged adverse actions of DOCCS' and the Moving Defendants' occurred prior to plaintiff engaging in any purported "protected activity", there is no inference of retaliation. Therefore, plaintiff's retaliation claims should be dismissed as a matter of law.

(iii)     *Count III - Hostile Work Environment:*

In order to allege a hostile work environment claim, a plaintiff must demonstrate: (1) that her workplace was permeated with discriminatory intimidation that was "sufficiently severe or pervasive" to alter the conditions of her work environment, and (2) that a specific basis exists for imputing the conduct that created the hostile work environment to the employer.  Equal Opportunity Empl. Comm'n v. United Health Programs of Am., Inc., 213 F. Supp. 3d 377, 415 (E.D.N.Y. 2016).  Dismissal is proper if the plaintiff's allegations fail to rise to the level of being "severe or pervasive." See Schenkman v. N.Y. Coll. of Health Prof'ls, 29 A.D.3d 671, 673 (2d Dept. 2006) (granting motion to dismiss where plaintiff "fell short of establishing that the 'workplace' [was] permeated with discriminatory intimidation, ridicule, and insult…that [was] sufficiently severe or pervasive to alter the conditions of the [plaintiff's] employment...").  In addition, the plaintiff must also allege facts that establish a plausible connection between her alleged discrimination and the allegedly hostile work environment.  Courts consider factors including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with [the] employee's work performance." Staten v. City of N.Y., 653 F. App'x 78, 80 (2nd Cir. 2016).  When there is one stray remark, it is insufficient to establish a hostile work environment. Walsh v. A.R. Walker & Co., 2018 N.Y. Misc. LEXIS 6007, at *18 (Sup. Ct. NY Cty. 2018). For instance, use of the phrase "bitch" in one specific instance does not rise to actionable level of a

18

hostile work environment under NYSHRL.  Mejia v. T.N. 888 Eighth Ave., 2016 N.Y. Misc.
LEXIS 4841, at *24 (Sup. Ct. N.Y. Co. 2016).

Here, plaintiff is unable to meet her burden in proving that any of the Moving Defendants
alleged discriminatory intimidation was "sufficiently severe or pervasive."  Plaintiff and Moving
Defendants, with the exception of Moving Defendant Lewis Squillacioti, did not work together as
they were part of different ranks within DOCCS, respectively.  In any event, Moving Defendant
Lewis Squillacioti's role in this matter was plaintiff's newly assigned supervisor and he did not, at
all, participate in any such hostile or intimidating behaviors toward plaintiff. Moving Defendants
Kelly Ahearn and Muriel Harvey only knew plaintiff from her unsatisfactory performance
evaluations, plaintiff's tendency to send emails "up the chain" of command and, as a result, within
their respective human resource-esque roles within DOCCS.  Accordingly, a work environment
did not exist between plaintiff and the Moving Defendants, with the exception of Squillacioti, in
the first instance.

However, even assuming there was a common work environment amongst plaintiff and all
Moving Defendants, it certainly does not rise to the level of "hostile" as it is clear non-moving
defendant Kevin Uzzell is responsible for the alleged "sufficiently severe or pervasive" work
environment complained of by plaintiff. The conduct of another does not establish a hostile work
environment as to Moving Defendants because plaintiff has failed to establish discriminatory
intimidation in the first place. Accordingly, Plaintiff's claims for hostile work environment against
all Moving Defendants must be dismissed.

**E.  The Plaintiff Fails to Overcome the "McDonnell Douglas" Burden Shifting Test.**

The So-Called McDonnell Douglas analysis is, in essence an evidentiary framework for
the Court to assess the burden of proof for a plaintiff alleging employment discrimination. See
McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

19

As the Court is aware, plaintiff must first establish a prima facie case of discrimination. If the plaintiff meets her burden at this stage, a "temporary presumption" of discrimination arises, and the burden shifts to the defendant-employer to articulate a legitimate, nondiscriminatory reason for the alleged conduct. <u>Vega v. Hempstead Union Free Sch. Dist.</u>, 801 F.3d 72, 84 (2nd Circ. 2015). If the defendant-employer articulates such a reason, the burden shifts back to the plaintiff-employee to show that the defendant-employer's reason was pretext. <u>Id</u>.

Additionally, at the pleading stage, a plaintiff does not need to prove discrimination or even allege facts establishing every element of the McDonnell Douglas Prima facie case, but the facts alleged must "give "plausible support to the reduced requirements" of a prima facie case. Thus, a plaintiff needs only plead facts sufficient to give "plausible support" to the plaintiff's "minimal" initial burden, which is governed by the statute under which she brings her claims. <u>Id</u>.

As argued throughout this motion, here, plaintiff has failed to allege any specific facts to give plausible support to her initial burden as against the Moving Defendants. Moving Defendants submit that, even if the Court finds plaintiff has met her burden, Moving Defendants have met theirs in showing that plaintiff's performance issues serve as legitimate, nondiscriminatory reasons for the alleged conduct, thus shifting the burden back onto plaintiff. However, plaintiff again fails to meet her burden by merely characterizing non-moving defendant's "reasons for his unsatisfactory evaluations" as pretexual, without making any argument against Moving Defendants regarding pretextual reasoning. ECF Doc. 28 at ¶ 21. Thus, plaintiff's discrimination claims must be dismissed.

**POINT III**

**THE COURT MUST DISMISS PLAINTIFF'S 42 U.S.C.
§ 1981 CLAIMS (COUNTS "IV", "V" AND "VI")**

The Civil Rights Act of 1991, 42 U.S.C. § 1981, protects an individual's right "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens," including "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(a) & (b).

**A. Plaintiff's § 1981 Claims Fail as a Matter of Law.**

    *(i)    Plaintiff's Amended Complaint Fails to Allege Facts Sufficient to Establish a Claim for Either Race, Color and Gender Discrimination, Retaliation, or Hostile Work Environment.*

Plaintiff's claims under § 1981 fail as a matter of law because the Amended Complaint does not allege the requisite elements of a § 1981 claim.  To establish a claim under § 1981, a plaintiff must allege sufficient facts to support the requisite elements that (1) the plaintiff is a member of a racial minority, (2) an intent to discriminate on the basis of the protected class by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute, including making and enforcing contracts.  See Hussein v. Sheraton N.Y. Hotel, 100 F. Supp. 2d 203, 206 (S.D.N.Y. 2000); Callahan v. Consol. Edison Co. of N.Y., Inc., 187 F. Supp. 2d 132, 136 (S.D.N.Y. 2002) (addressing the retaliation claim under Section 1981).  Yet, here, nothing but conclusory inference and innuendo is pled.

The United States Supreme Court made it plain, and as articulated by the Second Circuit, that the "plaintiff bears the burden throughout an entire Section 1981 lawsuit to "prove that, but

for race, [they] would not have suffered the loss of a legally protected right."  Gatling v. West, 2021 U.S. App. LEXIS 9837, at *14 (2nd Cir. Apr 6, 2021) citing Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media, 140 S. Ct. 1009, 1019 (2020).  See also Morales v. N.Y. & Presbyterian Hosp., 18-CV-9711, 2019 U.S. Dist. LEXIS 231605 (S.D.N.Y. Nov. 20, 2019) (same).  Further, without an injury-in fact, there is no standing to bring a Section 1981 claim.  Evans v. Port Auth. of N.Y. & N.J., 2017 U.S. Dist. LEXIS 125386, at *11 (E.D.N.Y. Aug 8, 2017).

It is well settled that "[t]o lay a proper foundation for individual liability [under Section 1981], the plaintiff must plead specific, non-conclusory factual allegations to establish the participation at the necessary mental state of the individual defendants, or [his or her] claims against them will be dismissed."  Bermudez v. City of New York, 783 F. Supp. 2d 560, 602 (S.D.N.Y. 2011); Avent v. James, 19-cv-10923, 2020 U.S. Dist. LEXIS 10027 (S.D.N.Y. Jan. 17, 2020) (dismissing the claim, noting that to "prevail on a § 1981 claim, evidence of racially discriminatory intent is required"). Motions to dismiss are granted when a plaintiff "does not allege any facts showing that [the defendants] took adverse employment action against him, at least in part, because of a discriminatory reason (because of his race, color, or sex)."  McKinney v. Tanner, 18-cv-10548, 2019 U.S. Dist. LEXIS 116449, at *7-8 (S.D.N.Y. July 12, 2019)).  See also Soto v. Marist Coll., 17-cv-7976, 2019 U.S. Dist. LEXIS 94225, at *41-42 (S.D.N.Y. June 5, 2019) (dismissing plaintiff's Section 1981 claim where the plaintiff failed to plead facts supporting an inference of discrimination based on race).

As required by Bermudez and Avent, where, as here, there are no factual allegations in the Amended Complaint whatsoever that address the elements of a Section 1981 claim, the action must be dismissed.  Plaintiff merely recites race, color, sex, gender, sexual harassment and retaliation for engaging in a protected activity as the basis of her claim without any factual

substantiation. Beyond her blanket assertion, plaintiff does not plead a single allegation showing that any of the Moving Defendants had discriminatory animus and took any adverse action against her *because of* her race, color, sex, or gender or retaliated against her for engaging in a protected activity, no less demonstrate any temporal proximity of alleged discrimination to any adverse employment action. Conclusory statements that "…the defendants acted to deprive the plaintiff of her civil rights based upon her race, color, sex and gender, by repeated and insidious acts of sexual harassment and discrimination" (ECF Doc. 28 ¶ 83) fail to meet the requirements of a Section 1981 claim of pleading non-conclusory factual allegations of an intent to discriminate on the basis of the protected class by the Defendants. Thus, the § 1981 action should be dismissed.

### (ii)    *The Individual Defendants Enjoy Sovereign Immunity Against Section 1981 Claims Brought Against Them in Their Official Capacities.*

"A § 1981 suit is treated in the same manner as a § 1983 action for purposes of Eleventh Amendment Immunity". Scelsa v. City Univ. of New York, 806 F. Supp. 1126, 1138 (S.D.N.Y. 1992). It should be noted that in *Scelsa* the Court went on to distinguish claims for monetary versus injunctive relief, that is "when prospective injunctive relief is sought, the Eleventh Amendment is no bar to using [Section 1981] as the vehicle for such relief". Id. Therefore, the analysis under § 1983 is instructive.

Under § 1983, neither a state nor a state official sued in his official capacity for damages is a "person" for purposes of liability. U.S. Const. amend. XI; Will, at 71. Furthermore, a suit for damages against a state official acting in his or her official capacity is not a suit against that individual, but a suit against the state. Id.

Here however, plaintiff asserts violations of § 1981 against the individual defendants in both their individual and official capacities seeking *monetary* damages. See Izmirligil *supra* at *5.

("[l]awsuits naming state officials in their official capacities and seeking money damages are barred by the Eleventh Amendment"). The principle set forth in <u>Izmirligil</u> holds here as to all monetary claims brought against state officials pursuant to § 1981 and § 1983. Accordingly, the individual defendants are immune from suit in their "capacities as supervisory, and/or administrative officials".

**B. To the extent a Discrimination Claim Can be Asserted Against "State Actors", § 1983 is Plaintiff's Sole Remedy.**

To the extent plaintiff alleges a violation of rights protected by 42 U.S.C. § 1981, when bought against government entities or "state actors" in their individual capacities, § 1983 is the sole remedy. <u>See</u> <u>Hogan v. County of Lewis, NY</u>, 929 F. Supp 2d 130, 151 (N.D.N.Y. 2013); <u>see also</u> <u>Carter v. City of Syracuse Sch. Dist.</u>, 2012 U.S. Dist. LEXIS 36612 (N.D.N.Y. 2012).

The Second Circuit has explained that "[b]ecause § 1983 already provides a remedy against state actors, there is no reason to infer from the rights-conferring language of § 1981(c) that it creates an additional, and duplicative, remedy". <u>Duplan v. The City of New York,</u> 888 F. 3d 612 (2nd Cir. 2017). Whereas, here, the § 1981 claims set forth in Count "IV", "V" and "VI" against the individual moving defendants must be dismissed as duplicative of Counts "VII", "VIII", and "IX" alleging violations of §1983.

<u>POINT IV</u>

<u>THE PLAINTIFF'S CLAIMS PURSUANT TO 42 U.S.C. § 1983 MUST BE DISMISSED</u>

**A. Legal Standard.**

A § 1983 claim may be brought for denial of due process if an individual is deprived of a constitutional right absent due process of law. <u>Zinermon v. Burch</u>, 494 U.S. 113, 125 (1990). Generally speaking, due process of law is achieved when an individual is afforded notice and a hearing prior to deprivation of liberty or property by the State. <u>Id</u>. at 127. However, in some

instances, courts have found due process satisfied with a post-deprivation hearing. Id. at 128. Additionally, a "constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the *State* fails to provide due process." Id. at 126.

(i)     First Amendment

A public employee alleging that an adverse employment action was in retaliation for the exercise of First Amendment rights must show that "(1) speech at issue was made as a citizen on matters of public concern rather than as an employee on matters of personal interest,…(2)[plaintiff] suffered an adverse employment action,…(3) the speech was at least a substantial or motivating factor" in the adverse employment action. Zelnik v. Fashion Inst. of Tech., 464 F.3d 217, 225 (2nd Cir. 2006).

Here, there are no facts set forth in plaintiff's Amended Complaint regarding what right she has been so deprived such that First Amendment violation could be inferred. Plaintiff filed her DOCCS complaint after receiving unsatisfactory performance evaluations and continued to receive unsatisfactory evaluations after the filing of her DOCCS complaint. In no way can the facts and circumstances be construed to support a First Amendment violation and thus, plaintiff's First Amendment claims under § 1983 must be dismissed. Moreover, even assuming the allegations gave rise to a plausible claim for employment discrimination based upon protected speech, it must be noted that the "speech" at issue related to a "matter of personal interest" not of "public concern" which would be required to state a claim.

(ii)    Fourth Amendment

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon

probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." (U.S. Const. amend IV).

Here, there are absolutely no facts set forth in plaintiff's Amended Complaint regarding what right she has been so deprived such that Fourth Amendment violation could be inferred. Plaintiff's person, house, papers and effects were not at all searched nor seized, nor did plaintiff plead any facts to support this allegation. Thus, plaintiff's Fourth Amendment claims under § 1983 must be dismissed.

(iii)    *Fourteenth Amendment*

(a) *Equal Protection Clause*

Section "1983 and the Equal Protection Clause protect public employees from various forms of discrimination, including hostile work environment and disparate treatment…[o]nce action under color of state law is established, the analysis for such claims is similar to that used for employment discrimination brought under Title VII". Demoret v. Zegarelli, 451 F. 3d 140, 149 (2nd Cir. 2006).

As indicated above under Point II, a Title VII discrimination claim can only be successful if the plaintiff's complaint demonstrates that her protected characteristic was the "motivating factor" for an adverse employment action.  Torres v. City of N.Y., 18-cv-3644, 2019 U.S. Dist. LEXIS 68168, at *7-8 (S.D.N.Y. Apr. 22, 2019). Plaintiff's allegations must also be sufficient to demonstrate a causal link between the alleged conduct and the discriminatory action.  Kirkweg v. New York City Dep't of Educ., 12-cv-2635, 2013 U.S. Dist LEXIS 55042, at *5 (S.D.N.Y. Apr. 4, 2013); Pesok v. Hebrew Union College-Jewish Inst. of Religion, 235 F. Supp. 2d 281, 287 n.5 (S.D.N.Y 2002), aff'd, 86 Fed. Appx. 479 (2nd Cir. 2004) (same). Similarly, the lack of any discriminatory comments alleged in the Complaint further compels its dismissal as there is no

26

plausible basis for the claim. <u>Moore v. Verizon</u>, 13-cv-6467, 2016 U.S. Dist LEXIS 16201 *38 (S.D.N.Y. Feb. 5, 2016) (isolated comments directed at plaintiff precludes inference of discrimination); <u>Graziano v. New York State Police</u>, 198 F. Supp. 2d 570, 576 (S.D.N.Y. 2002) (dismissing claim because no gender-based comments, and no showing that acts resulted from gender), aff'd, 142 F. App'x 5 (2nd Cir. 2005) .

Here, even under minimal pleading standards, plaintiff cannot state a discrimination claim based on her race, color or sex. Because her allegations of race, color and sex discrimination, as well as retaliation, lack any substantive factual support, plaintiff's claims must be dismissed. Nowhere in the Amended Complaint is there a single factual allegation that plaintiff was personally discriminated against based upon her race, color nor sex. Rather, the entirety of her allegations in the Amended Complaint rest upon conclusory assertions that the individual Moving Defendants discriminated against plaintiff due to her race, color and sex.

For the same reasons plaintiff's Title VII claims must be dismissed, her Fourteenth Amendment Equal Protection claims must be dismissed for failure to establish a causal connection between a protected activity and adverse employment action.

*(b) Due Process*

The Due Process Clause of the Fourteenth Amendment protects individuals from deprivations of "life, liberty, or property, without due process of law. (U.S. Const. amend XIV, §1). Public employees who have a property right in continued employment cannot be deprived of that right by the state without due process. <u>Cleveland Bd. of Educ. V. Loudermill</u>, 470 U.S. 532,538 (1985). [T]he root requirement of the Due Process Clause [is] that an individual be given an opportunity for a hearing before he is deprived of any significant property interest…This

27

principle requires some kind of a hearing prior to the discharge of an employee who has constitutionally protected property interest in his employment. Id. at 514.

Plaintiff must first show that she has a property interest in the employment or the benefit that was removed. Bernheim v. Litt, 79 F.3d 318, 322 (2nd Cir. 1996). In the Employment context, the employee seeking to establish a property interest must show 'more than a[] unilateral expectation of it,' instead he must have a 'legitimate claim of entitlement'. Kirby v. Yonkers Sch. Dist., 767 F. Supp. 2d 452, 463 (S.D.N.Y. 2011). "Thus a Property interest will be established if the government employer 'is barred…from terminating the employment relationship without cause" Kirby at 463.

Here, there are no facts set forth in plaintiff's Amended Complaint regarding what right she has been so deprived absent due process of law such that Fourteenth Amendment violation could be inferred. To the contrary, plaintiff herself admits to having utilized the administrative grievance procedures set in place by both DOCCS and the New York State Division of Human Rights (simultaneously filed with the United States Equal Employment Opportunity Commission ("EEOC"))  to complain about the alleged discrimination she was experiencing. ECF Doc. 28 ¶ 10. Plaintiff, by her Amended Complaint, admits to having requested an "ORDER OF DISMISSAL FOR ADMINISTRATIVE CONVENIENCE." Id. at ¶ 11. Plaintiff *herself* interfered with the grievance process(es), not the State, DOCCS, or the individual Moving Defendants. That plaintiff is merely regretful does not amount to a due process violation, and plaintiff fails to demonstrate how the grievance procedure was otherwise inadequate. Thus, plaintiff's Fourteenth Amendment claims pursuant to § 1983 must be dismissed.

**B. Plaintiff's Claims Premised Upon Supervisory Authority are Insufficient to Demonstrate § 1983 Liability as a Matter of Law.**

"Personal Involvement" in the Constitutional violation cannot be inferred based solely upon a Defendant's position of authority.  See Davidson v. Desai, 817 F. Supp. 2d 166, 196 (W.D.N.Y. 2011)(holding that "[t]he mere fact of supervisory authority is insufficient, under § 1983, to demonstrate liability); LaMagna v. Brown, 474 F. App'x 788, 789 (2nd Cir. 2012)(holding that a "defendant's supervisory authority is insufficient in itself to demonstrate liability under § 1983"); Chrebet v. Cty. Of Nassau, 24 F. Supp. 3d 236, 248 (E.D.N.Y. 2014)(holding that, "[i]n order to claim personal involvement by a supervisor, a plaintiff must prove that 'the defendant participated directly in the alleged constitutional violation") *quoting* Colon v. Coughlin, 58 F. 3d 865, 873 (2nd Cir. 1995).

However, in December 2020 the Second Circuit fundamentally changed the controlling law on supervisory liability under Section 1983.  Tangreti v. Bachmann, 983 F.3d 609, 620 (2nd Cir. 2020).  Prior to Tangreti, a Section 1983 supervisory claim could prevail if the plaintiff proved that a supervisor: (i) participated directly in an alleged constitutional violation; (ii) failed to remedy a wrong after being informed of same through a report or appeal; (iii) created a policy or custom under which the violation occurred; (iv) was grossly negligent in supervising subordinates who committed wrongful acts; or (v) exhibited deliberate indifference by failing to act on information indicating that unconstitutional acts were occurring.  See Grullon v. City of New Haven, 720 F.3d 133, 139 (2nd Cir. 2013).  In Tangreti, the Second Circuit joined other circuit courts in rejecting this test. To prevail on a Section 1983 supervisor liability claim, a plaintiff must now "plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" Tangreti, 983 F.3d at 618, *quoting* Iqbal, 556 U.S. at 676.

29

Accordingly, to prevail on her supervisory claim in the instant case, plaintiff must prove the individual Moving Defendants violated plaintiff's *First, Fourth, Thirteenth, and Fourteenth Amendment* rights by their "own conduct, not by reason of [their] supervision of others who [may have] committed [a] violation." Id. at 619; see also Brown v. Annucci, 2021 U.S. Dist. LEXIS 43011, at \*12 (S.D.N.Y. March 8, 2021) ("a defendant may not be held liable under Section 1983 solely because the defendant employs or supervises a person who violated the plaintiff's rights"), citing Ashcroft v. Iqbal, 556 U.S. at 676.

Here, plaintiff cannot make the showing that is now required under Tangreti. With respect to each of her causes of action, plaintiff cannot show that any of the individual Moving Defendants, by their *own* conduct, violated her constitutional rights nor engaged in any adverse employment action because of her race, color, sex or gender nor participated in any retaliatory behaviors or sexual harassment.

A Section 1983 supervisory liability claim is derivative in nature and cannot survive in the absence of an underlying constitutional violation. Richardson v. Goord, 347 F.3d 431, 435 (2nd Cir. 2009). In the absence of any underlying constitutional violations, the supervisory liability claim cannot survive.

## POINT V

## THE COURT MUST DISMISS PLAINTIFF'S CLAIMS PURSUANT TO 42 U.S.C. § 1985(3) [CONSPIRACY](1871)

The plaintiff's Count "X" is denominated as one for "Conspiracy to Interfere with Civil Rights in Violation of the Civil Rights Act of 1871, 42 U.S.C. § 1985(3)". Section 1985(3) of the United States Code, Title 42 states in pertinent part:

**Depriving persons of rights or privileges**

> If two or more persons in any State or Territory conspire…for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws;…in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators

The Supreme Court has explained that "the statute imposes liability on two or more persons who "conspire . . . for the purpose of depriving . . . any person or class of persons of the equal protection of the laws." §1985(3). Ziglar v. Abbasi, 137 S. Ct. 1843 (2017). In this case the plaintiff in sum and substance alleges that the individual Moving Defendants "conspired, planned, agreed, and intended…to prevent plaintiff from obtaining the benefits to which she was entitled under the law and from seeking the equal protection of the laws". (Doc. 28, ¶¶ 113-114). However, as demonstrated herein below, plaintiff's claim pursuant to § 1985(3) utterly lacks merit and therefore should be dismissed.

**A. The Plaintiff's Amended Complaint, Count "X", Fails to Allege a "Conspiracy" Under § 1985(3).**

To establish a conspiracy claim under 42 U.S.C. § 1985(3), a plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is deprived of any right of a citizen of the United States." Brown v. City of Oneonta, N.Y., 221 F.3d 329, 341 (2nd Cir. 1999) (citation, alterations, and quotation marks omitted). Moreover,

31

"to reach a purely private conspiracy under [§1985(3)], a plaintiff must [also] show . . . that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment." Poles v. Brooklyn Cmty. Hous. & Servs., No. 10-CV-1733, 2010 U.S. Dist. LEXIS 48129, 2010 WL 1992544, at *2 (E.D.N.Y. May 14, 2010) (emphasis in original) (quotation marks omitted) (quoting Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268, 113 S. Ct. 753, 122 L. Ed. 2d 34 (1993)).

To state such a claim, a plaintiff must also make "a showing of class-based invidiously discriminatory animus" on the part of the conspiring parties, Hickey v. City of New York, No. 01-CV-6506, 2004 U.S. Dist. LEXIS 23941, 2004 WL 2724079, at *22 (S.D.N.Y. Nov. 29, 2004) (citations omitted), aff'd, 173 F. App'x 893 (2nd Cir. 2006), as well as provide "some factual basis supporting a meeting of the minds, such that [the] defendants entered into an agreement, express or tacit, to achieve the unlawful end," Webb v. Goord, 340 F.3d 105, 110 (2nd Cir. 2003) (citation and quotation marks omitted). The Second Circuit has "defined 'class-based animus' to include discrimination based on religion." Jews for Jesus, Inc. v. Jewish Cmty. Relations Council of N.Y., Inc., 968 F.2d 286, 291 (2nd Cir. 1992) (collecting cases). "Claims of Conspiracy that are vague and provide no basis in fact must be dismissed." Germain v. M & T Bank Corp., 111 F. Supp. 3d 506, 540 (S.D.N.Y. 2015) (citation, alteration, and quotation marks omitted).

The plaintiff's Amended Complaint alleges, in conclusory fashion that "defendants, acting individually and acting in their capacities as supervisory and/or administrative officials of DOCCS conspired, planned, agreed, and intended to act in a manner thereby caused economic and psychological injury to plaintiff". (Doc. 28, ¶ 113).

To satisfy the first element of his/her claim, plaintiff must allege "a meeting of the minds, such that . . . [D]efendants entered into an agreement, express or tacit, to achieve the unlawful

32

end." <u>Williams v. Long Beach Mortg. Co.</u>, No. 15-CV-5952, 2016 U.S. Dist. LEXIS 136075, 2016 WL 5720810, at *7 (S.D.N.Y. Sept. 30, 2016) (citation and quotation marks omitted), *aff'd*, 709 Fed. Appx. 92 (2nd Cir. 2018). Here, the plaintiff woefully fails, not surprisingly, to allege that the individual Moving Defendants had a "meeting of the minds" in an effort to "deprive plaintiff of her civils rights". (Doc. 28, ¶ 115). As such the Court need not go any further in its analysis—the claim is effectively "dead on arrival". Moreover, the plaintiff offers absolutely no "factual basis supporting a meeting of the minds". <u>Webb</u> at 110.

Assuming *arguendo* that the Court were to generously construe plaintiff's allegations to allege a "meeting of the minds"—her claim would still fail. Specifically, that the conspiracy must be motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus". <u>Palmieri v. Lynch</u>, 392 F.3d 73, 83 (2nd Cir. 2004). Nothing in the plaintiff's Amended Complaint even plausibly gives rise to an assertion that any of the individual Moving Defendants acted with discriminatory animus. Therefore, any claim for a conspiracy under § 1985 is absolutely meritless on its face.

**B. The "intracorporate-conspiracy-doctrine" Bars Plaintiff's Conspiracy Claim Against the Individual Defendants.**

As was demonstrated above plaintiff's § 1985 claim for a conspiracy is meritless on its face. However, to the extent that the plaintiff could succeed in establishing the elements of a § 1985(3) conspiracy, the conspiracy that is alleged as between individuals all state officials within the New York State Department of Corrections and Community Supervision is not in fact a true conspiracy. Stated differently, there can be no conspiracy among state officials within the same governmental agency.

The Supreme Court in <u>Ziglar v. Abbasi</u>, 137 S. Ct. 1843 (2017) in the context of claims asserted pursuant to § 1985(3) explained that:

> The Court's precedent indicates that there is no unlawful conspiracy when officers within a single corporate entity consult among themselves and then adopt a policy for the entity. See *Copperweld Corp* v. *Independence Tube Corp.*, 467 U. S. 752 ,769–771 (1984). Under this principle—sometimes called the intracorporate-conspiracy doctrine—an agreement between or among agents of the same legal entity, when the agents act in their official capacities, is not an unlawful conspiracy. *Ibid.*

Under the "intracorporate conspiracy doctrine, "officers, agents[,] and employees of a single corporate entity are legally incapable of conspiring together." Chamberlain v. City of White Plains, 986 F. Supp. 2d 363, 388 (S.D.N.Y. 2013) (quotation marks omitted) (quoting Hartline v. Gallo, 546 F.3d 95, 99 n.3 (2nd Cir. 2008)).

Notably, the doctrine has also been extended to public entities, and to alleged conspiracies involving public employees. Rini v. Zwirn, 886 F. Supp. 270, 292 (E.D.N.Y. 1995); Murray v. Lakeland Cent. Dist. Bd. of Ed., No. 16-CV-6795, 2017 U.S. Dist. LEXIS 157755, 2017 WL 4286658, at *10 n.10 (S.D.N.Y. Sept. 26, 2017) ("[T]he plaintiff's conspiracy claims are barred by the intracorporate conspiracy doctrine, as the . . . [d]efendants all worked for the [same] [s]chool [d]istrict." (collecting cases)); Rosenberg v. City of New York, No. 09-CV-4016, 2011 U.S. Dist. LEXIS 112818, 2011 WL 4592803, at *12-13 (E.D.N.Y. Sept. 30, 2011) (finding that the plaintiff's allegations that school administrators conspired against him in violation of 1985(3) were barred by the intracorporate conspiracy doctrine); Talley v. Brentwood Union Free Sch. Dist., 728 F. Supp. 2d 226, 233-34 (E.D.N.Y. 2010) (holding that the plaintiff's claims under § 1985(3) were barred when all of the individuals alleged to be part of the conspiracy were members of the "same public entity," which was a board of education).

Therefore, the claims that the individual Defendants, all of whom are employed by the State of New York working for the New York State Department of Corrections and Community

Supervision, either in their individual or official capacity cannot as a matter of law "conspire" with one another in violation of plaintiff's civil rights pursuant to 42 U.S.C. § 1985.

## <u>CONCLUSION</u>

For the reasons set forth above, the Moving Defendants' Motion to Dismiss the Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure should be granted, with such other relief as this Court deems just and proper.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**

Dated: November 15, 2021

_____

CHRISTOPHER A. PRIORE, ESQ.
OLIVIA ORLANDO, ESQ.
*Attorneys for Moving Defendants*
200 Great Oaks Boulevard, Suite 228
Albany, New York 12203
(518) 449-8893 (telephone)
(518) 449-8927 (facsimile)
Christopher.Priore@wilsonelser.com
Olivia.Orlando@wilsonelser.com

35

[CERTIFICATE OF SERVICE]